# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

United States of America,

      Plaintiff,

v.                           Criminal Case No. 15-20215

Cario Taylor,             Sean F. Cox
                                 United States District Court Judge

      Defendant.

_____/

## OPINION & ORDER
## DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

In this criminal action, Defendant Cario Taylor ("Defendant") was convicted of a drug offense, was ultimately sentenced to 84 months imprisonment, and is currently serving that sentence. The matter is before the Court on Defendant's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A), which is based upon concerns about the ongoing novel coronavirus pandemic ("COVID-19"). This motion asks the Court to allow Defendant to serve the remainder of his sentence at home because he is concerned that he could contract the virus, and that he may be vulnerable to severe illness if he were to contract it because of his medical conditions. The Court heard oral argument on this motion on September 16, 2020. As explained below, the Court shall DENY the motion because: 1) Defendant poses a danger to the community and thus his release would not be consistent with applicable policy statements issued by the Sentencing Commission; and 2) because the 18 U.S.C. § 3553(a) sentencing factors do not favor his release.

## BACKGROUND

In this criminal case, Defendant pleaded guilty to Possession with Intent to Distribute Heroin, in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(A).  Defendant's guidelines range was 262 months imprisonment. This Court ultimately sentenced Defendant to a term of 84 months imprisonment. Defendant has served approximately 65 months of that sentence.

Defendant is 43 years old. It is undisputed that Defendant is obese, with a body mass index over 30. Defendant also has mild hypertension. Prior to his incarceration, Defendant had been shot and apparently suffered a collapsed lung.

Defendant filed his Motion for Compassionate Release asking the Court to allow him to serve the remaining portion of his sentence under home confinement. The Government acknowledges that Defendant exhausted his administrative remedies but opposes the motion on the merits.

## ANALYSIS

Defendant's Motion for Compassionate Release is brought under 18 U.S.C. §3582(c)(1)(A) and asks this Court to allow him to serve the remainder of his sentence in home confinement.

Under 18 U.S.C. § 3582(c)(1)(A), the Court may reduce an imposed sentence if it determines that "extraordinary and compelling reasons warrant such a reduction." On top of making this finding, the Court must also consider the sentencing factors described in 18 U.S.C. § 3553(a) and decide if a sentence reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

U.S. Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2018) is the "applicable policy statement" with which the Court must comply when considering Defendant's

request for compassionate release. 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 explains that a 8419 defendant must "not [be] a danger to the safety of any other person or to the community" under 18 U.S.C. § 3142(g) **and** must fit within at least one of four categories of "extraordinary and compelling reasons."  Those categories are: "Medical Condition of the Defendant," "Age of the Defendant," "Family Circumstances," and "Other Reasons."

In sum, a defendant seeking compassionate release must present extraordinary and compelling circumstances, must have § 3553(a)'s sentencing factors weigh in his favor, must not be a threat to others as determined by § 3142(g), and must fit within one of the four categories in § 1B.13 of the Sentencing Guidelines." *United States v. Shah*, 2020 WL 1934930 at *1 (E.D. Mich. April 22, 2020) (citations omitted).  *United States v. Murphy*, 2020 WL 2507619 at *3-4 (E.D. Mich. May 15, 2020).

Here, Defendant's medical records establish that he has mild hypertension. Defendant also suffered a gunshot wound prior to being incarcerated, and apparently suffered a collapsed lung in connection with it, and continues to have bullet fragments in his body. The Government acknowledges that Defendant is obese, with a body mass index of above 30. The Government acknowledges that given the heightened risk that COVID poses to someone with that conditions, Defendant has satisfied the first eligibility threshold for compassionate release during this pandemic.

But the Government persuasively argues that Defendant is ineligible for compassionate release because he is a danger to the community. Section 1B1.13(2) permits release only if a "defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." The record does not support such a finding in this case, where Defendant

is a repeat offender with a history of dealing dangerous controlled substances, including heroin.

The § 3553(a) factors, including Defendant's history and characteristics, seriousness of the offense, promoting respect for the law, and providing just punishment also weigh against Defendant's request for compassionate release. Defendant's criminal conduct was serious, and this case represents his third drug conviction.  Moreover, Defendant was already given a substantially reduced sentence in this case. Allowing Defendant to be released before serving his already-reduced sentence would not promote respect for the law or proper deterrence, provide just punishment, and avoid unwanted sentencing disparities. This Court concludes that Defendant is not an appropriate candidate for the extraordinary remedy of compassionate release.

## CONCLUSION & ORDER

For the reasons set forth above, **IT IS ORDERED** that Defendant's Motion for Compassionate Release is **DENIED.**

**IT IS SO ORDERED.**

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  September 17, 2020

4